IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT SIZEMORE, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 2:19-cv-00704

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, et al.,

        Defendants.

**ORDER**

Before this Court is Defendant Allstate Vehicle and Property Insurance Company's ("Defendant") motion to compel Plaintiffs Robert Sizemore and Charlotte Sizemore (collectively, "Plaintiffs") to respond to two sets of discovery requests that were served on January 21 and 27, 2020. (ECF No. 20; *see* ECF Nos. 15, 16.) Prior to the filing of Defendant's motion to compel on March 25, 2020, Plaintiffs had not responded at all to either of these sets of discovery requests, but they later served responses on March 30, 2020. (ECF Nos. 22, 23.) Defendant represents that its motion to compel is moot with respect to the first set of discovery requests. (ECF No. 25 at 1.) However, it has identified numerous deficiencies with several of the interrogatories and requests for production in its second set of discovery requests. (*Id*. at 2–11.)

The discovery requests at issue appear to be fairly standard for an action alleging claims for breach of an insurance contract based on the insurer's denial of coverage and for unfair claims settlement practices. (*See* ECF No. 1-1.) Defendant largely seeks information related to Plaintiffs' alleged damages and the factual basis for their claims.

(*See* ECF No. 20-1 at 5–14.) Plaintiffs responded to the requests at issue either by stating that the information cannot be provided until after discovery has taken place, by representing that they do not know or cannot figure out the information or that they have provided the information they have, or by objecting to the request. (*See* ECF No. 25-2.) For the most part, Plaintiffs continue to maintain that they have attempted in good faith to respond to the requests at issue. (ECF No. 26.)

However, the nature of Plaintiffs' responses and their response in opposition to the motion to compel make clear that they have not. Most glaringly, Plaintiffs contend that they cannot provide Defendant with the specific facts upon which their claims are based until further discovery is conducted. (*Id.* at 2–4.) As Defendant points out (ECF No. 25 at 3; ECF No. 28 at 3), Federal Rule of Civil Procedure 11(b) requires that an attorney "conduct a reasonable investigation of the factual bases underlying the claim" prior to filing a complaint. *Chaplin v. Du Pont Advance Fiber Sys.*, 124 F. App'x 771, 774 (4th Cir. 2005) (per curiam) (citing *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 987 (4th Cir. 1987)). Although Plaintiffs initially filed their complaint in state court, West Virginia Rule of Civil Procedure 11(b) is identical to the federal rule and has the same pre-suit inquiry requirement. *Hinchman v. Gillette*, 618 S.E.2d 387, 401 (W. Va. 2005) (Davis, J., concurring). Therefore, it would appear from Plaintiffs' discovery responses that Plaintiffs either eschewed this obligation altogether or falsely assert that they cannot provide a factual basis for their claims until they conduct further discovery. Regardless, their conduct is inexcusable and is not a permissible reason for resisting discovery.

In addition, Plaintiffs' response in opposition to Defendant's motion to compel, which clarifies or provides additional information for some of Plaintiffs' responses to the discovery requests at issue (*see* ECF No. 26 at 5–7), disregards the fact that those

responses are binding on Plaintiffs in the sense that information not provided as part of the discovery process cannot later be used to support Plaintiffs' position. *See* Fed. R. Civ. P. 37(c)(1); *see Gomez v. Haystax Tech., Inc.*, 761 F. App'x 220, 229 (4th Cir. 2019) (per curiam). Although Plaintiffs may—and are indeed required to—supplement their responses "if additional information is discovered," *Single Source Apparel, Inc. v. FB Sys., LLC*, No. 8:10-cv-2996-TMC, 2012 WL 1097002, at *3 (D.S.C. Feb. 24, 2012) (citing Fed. R. Civ. P. 26(e)), *adopted by* 2012 WL 1107161 (D.S.C. Apr. 2, 2012), this duty to supplement does not excuse a failure to respond in the first place. *See DIRECTV, Inc. v. Knowles*, No. 7:03-cv-163-F(1), 2005 WL 8159565, at *3 (E.D.N.C. Jan. 21, 2005) ("Knowles remains under a continuing duty to supplement his initial disclosures and respond to this document request as soon as such documents become available to him. Knowles is not allowed to defer his continuing obligation until the time the pretrial order is filed."). Interrogatory responses in particular must be verified by the party answering them, Fed. R. Civ. P. 33(b), and counsel's representations in a brief to this Court are no substitute for that. *See Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 538–39 (S.D.W. Va. 2005) ("When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness."). And put simply, if Plaintiffs have no documents responsive to a given request, they need only say so—not put forth a vague response implying that they have withheld documents as privileged. (*See* ECF No. 26 at 6–7; *see also* ECF No. 25-2.) More importantly, if they *do* have information that is responsive to one of the requests, Plaintiffs need to provide it to Defendant if they cannot make a legitimate objection to doing so—which they have not done thus far.

Finally, Plaintiffs are required to engage in "a reasonable inquiry" to provide information in response to discovery requests. Fed. R. Civ. P. 26(g)(1); *see Poole* ex rel.

3

*Elliott v. Textron, Inc.*, 192 F.R.D. 494, 503 (D. Md. 2000) ("[C]ounsel must make 'a reasonable effort to assure that the client has provided all the information and documents responsive to the discovery demand.'"). This includes attempting "to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) (quoting *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010). Several of Plaintiffs' responses cause the undersigned to question whether that has occurred in this case.

Accordingly, because Plaintiffs' discovery responses are insufficient for the reasons explained herein, Defendant's motion to compel (ECF No. 20) is **GRANTED** as to the interrogatories and requests for production identified in Defendant's supplemental memorandum in support of its motion to compel (ECF No. 25). Plaintiffs are **ORDERED** to supplement those responses within **thirty (30) days** from the date of this Order.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), when a motion to compel is granted or when it otherwise results in the service of the requested discovery, this Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," absent some exceptions that do not apply in this case. Defendant may file an affidavit setting out its expenses on or before **Wednesday, May 6, 2020**. Plaintiffs may file a response to the affidavit on or before **Wednesday, May 13, 2020**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 29, 2020

_____
Dwane L. Tinsley
United States Magistrate Judge