IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT SIZEMORE, et al.,

    Plaintiffs,

v.               CIVIL ACTION NO. 2:19-cv-00704

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Allstate Vehicle and Property Insurance Company and Allstate Property and Casualty Insurance Company's (collectively "Defendants") Motion to Dismiss. (ECF No. 4.) For the reasons discussed more fully below, the Court **GRANTS** Defendant's motion.

*I.  BACKGROUND*

Plaintiffs Robert Sizemore and Charolette Sizemore (collectively "Plaintiffs") filed this case after Defendants denied coverage for a fire loss for both Plaintiffs' home and two automobiles. (ECF No. 1–1 at 4.) On May 17, 2018, Plaintiffs' home and two automobiles suffered fire damage. (*Id.*) At the time of the fire, Plaintiffs allege their home was insured under a House and Home Insurance Policy and their vehicles were insured under an automobile insurance policy both issued by Defendants. (*Id.*) After Plaintiffs reported the fire loss, they allege Defendants sent an

1

agent to inspect the damage; retained an expert to review the residence; examined Plaintiffs under oath; and advised Plaintiffs that coverage would not be afforded for the loss because the fire was determined to not be accidental. (*Id.* at 4–5.) Plaintiffs allege Defendants determined that the fire was a result of intentional or criminal acts by Plaintiffs. (*Id.* at 5.)

On October 4, 2019, Defendants filed their Motion to Dismiss. (ECF No. 4.) Plaintiffs did not respond. As such, this motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

Plaintiffs' Amended Complaint alleges the following three causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) violation of the Unfair Claims Settlement Practices Act under West Virginia Code § 33-11-4(9). (ECF No. 1–1 at 5–7.) Defendants challenge all three counts. Each argument is addressed in turn.

#### A. Count I For Breach of Contract

Defendants contend that the Complaint fails to state a claim for breach of contract. (ECF No. 5 at 4.) To succeed on a breach of contract claim, the party must prove the existence of a contract, a breach or violation of that contract, and damages resulting from the breach. *See Wetzel Cty. Sav. & Loan Co. v. Stern Bros.*, 195 S.E.2d 732, 736 (W. Va. 1973).

Here, Plaintiffs make only a conclusory statement that Defendants breached their contract with Plaintiffs. (ECF No. 1–1 at 5.) The Complaint provides no factual statements to support this conclusion. This allegation is exactly the type of bare legal conclusion that this Court is prohibited from considering under *Twombly* and *Iqbal* and its progeny. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 676) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.").

Plaintiffs do allege that Defendants sent an agent to inspect the damage to their home; retained an expert to review the residence; examined Plaintiffs under oath; and then advised Plaintiffs that coverage would not be afforded for the loss because the fire was not accidental but was instead the result of intentional or criminal acts by Plaintiffs. (*Id.* at 4–5.) After separating

the legal conclusions in the Complaint from the factual allegations and assuming the truth of those factual allegations, Plaintiffs' Complaint does not permit a reasonable inference that Defendants breached their contract with Plaintiffs. According to the plain language of the Complaint, Defendants investigated the claim and then determined Plaintiffs intentionally caused the fire at their own home. Plaintiffs fail to allege that they did not intentionally set the fire or that Defendants' conclusion was in any way incorrect or untrue. The Court must therefore assume that Plaintiffs did intentionally set fire to their home and Defendants denied coverage on that basis. Further, Plaintiffs point to no contractual provisions that require coverage under this circumstance.

However, Plaintiffs do allege that they were not provided a copy of the investigation report and that the adjuster advised Plaintiffs they would receive stipend money for housing during the pendency of Defendants' investigation but Defendants never provided the money. However, Plaintiffs again fail to allege that these failures violated the contract between the parties. Thus, Plaintiffs have failed to allege any facts that would allow this Court to conclude that Defendants breached their contract with Plaintiffs when they did not provide coverage for Plaintiffs' claims. Accordingly, Count I of the Complaint for breach of contract is **DISMISSED** for failure to state a claim.

      B. *Count II For Breach of Implied Covenant of Good Faith and Fair Dealing*

Next, Defendants argue the Complaint fails to state a claim for breach of good faith and fair dealing because no improper conduct is alleged. (ECF No. 5 at 5.) In West Virginia, an insured may file a first–party statutory bad faith action against his or her insurer for failure to use good faith in settling a claim filed by the insured. *State ex rel. State Auto Prop. Ins. Companies v. Stucky*, 806 S.E.2d 160, 165 (W. Va. 2017); *Goff v. Penn Mut. Life Ins. Co.*, 729 S.E.2d 890,

893 (W. Va. 2012). However, a claim for breach of good faith "does not provide a cause of action apart from a breach of contract claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 578 (W. Va. 2013) (quoting *Highmark West Virginia, Inc. v. Jamie*, 655 S.E.2d 509, 514 (W. Va. 2007).

Because Plaintiffs have failed to allege a claim for breach of contract, Plaintiffs' claim for breach of good faith and fair dealing must also fail. The West Virginia Supreme Court of Appeals "has declined to recognize an independent claim for a breach of the common law duty of good faith and has instead held that such a claim sounds in breach of contract." *Id.* (quoting *Corder v. Countrywide Home Loans, Inc.*, No. 2:10–0738, 2011 WL 289343 at *3 (S.D. W. Va. 2011). Thus, a claim for breach of good faith and fair dealing must be alleged with a claim for breach of contract or not at all because it cannot exist on its own. Accordingly, Count II of the Complaint for breach of implied covenant of good faith and fair dealing is **DISMISSED** for failure to state a claim.

### C. Count III For Violation of the West Virginia Unfair Trade Practices Act

Defendants argue the Complaint also fails to state a claim for violation of the West Virginia Unfair Trade Practices Act ("the Act") because Plaintiff has offered no information or factual allegations to support the claim. (ECF No. 5 at 5.) The Act regulates trade practices in insurance and proscribes a host of unfair methods of competition and acts or practices deemed to be unfair or deceptive. *See* W. Va. Code § 33–11–1 et seq. Specifically, Section 33–11–4(9) of the Act provides a list of fifteen prohibited claim settlement practices which should not be committed or performed "with such frequency as to indicate a general business practice." To allege a cause of action under Section 33–11–4(9) "[m]ore than a single isolated violation . . . must be shown in

5

order to meet the statutory requirement of an indication of 'a general business practice" . . . ." *Jenkins v. J. C. Penney Cas. Ins. Co.*, 280 S.E.2d 252, 253 (W. Va. 1981), overruled on other grounds by *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994). Specifically, to maintain a cause of action under this Section for the settlement of a single insurance claim,

> the evidence should establish that the conduct in question constitutes more than a single violation of W.Va. code § 33–11–4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

*Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 3 (W. Va. 1996).

In the present case, Plaintiffs have not pled sufficient facts to state a claim under the Act because they provide only a conclusory allegation that Defendants have a general business practice of wrongfully denying coverage. (ECF No. 1–1 at 7.) Plaintiffs have provided no other factual allegations in support of this claim. Again, this is exactly the type of bare legal conclusion this Court is prohibited from considering under Rule 12(b)(6) standards. To establish a claim under the Act, the West Virginia Supreme Court of Appeals is clear that Plaintiffs must provide proof of multiple violations to establish that Defendants' conduct constitutes a "general business practice." Quite simply, Plaintiffs' Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Count III of the Complaint alleging violations of the West Virginia Unfair Trade Practices Act is **DISMISSED** for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 4.) No claims remain. Accordingly, it is **ORDERED** that this civil action is **DISMISSED** and retired from the docket of this Court. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 18, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

7